Barbour, Ch. J.
(Concurring in denying the motion for a reargument, but dissenting from the decision on the motion 'to aménd.)—This is a motion for leave to reargue an appeal which was heard and determined at general term, some time since, by three judges, of whom only one is now sitting upon the hear- „ ing of this motion. Eo new fact is alleged to have been discovered, nor any important decision is claimed to have been overlooked. Indeed, 1 have been unable to find in the points or argument of the learned counsel who makes the motion, any reason in support of his client’s case which was not or ought not to have been presented to the court upon the hearing of the appeal. This motion, therefore, is simply, in effect, an appeal from a judicial decision of three judges, sitting at general term, to one only, of them, and two other judges of the same court, at a different general term ; and for that of other considerations, the motion *546 should be denied. Even in appellate courts of dernier resort which are composed of the same judges at each succeeding term, motions for leave to reargue appeals-are seldom granted, and never unless for very strong reasons, suchas that a material fact has been overlooked or misconstrued by the court, or some recent authoritative decision, not cited upon the argument, has been found. If, then, courts of ultimate appellate jurisdiction, thus composed, are chary in regard to motions of this character, with still greater reason ought this court to refuse to entertain them, except, possibly, in extraordinary instances. For, aside from the general rule of all appellate courts, above adverted to, the granting by three of the six judges of -this court of a motion to reargue an appeal which had already been heard and judicially decided by a general term composed wholly or in part of other judges, would be not only discourteous in the extreme to those not then sitting, whose opinions are sought to be reviewed, but. unusual and highly indecorous. Indeed, if such a practice were to obtain and become general, the inconvenience resulting' from it, both to the court and its counsellors, would become unbearable. We had better adhere to the maxim stare decisis.
Besides, if the plaintiff is aggrieved by the final judgment which has been rendered against him at gen-, eral term, he has a full and perfect remedy without resorting to a motion like this. The court of appeals, it may safely be assumed, will reverse the judgment and award a new trial if that ought to be done.-
The motion should be denied, with costs.-